## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **JEFFREY R. MABEE et al.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **No. 1:19-cv-00432-JDL** |
| | ) | |
| **JANET ECKROTE et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

### ORDER ON MOTION TO AMEND

Jeffrey R. Mabee and Judith B. Grace seek leave to file a second amended complaint in this matter to, among other things, join Nordic Aquafarms, Inc., as a defendant and assert a claim of slander of title against it.   *See* Motion to Amend (ECF No. 64); Proposed Second Amended Complaint ("Proposed SAC") (ECF No. 64-1).

Ordinarily, I would probably grant Mabee and Grace's motion under the leave freely given standard because the deadline for amendment of pleadings and joinder of parties has not yet passed.   *See* Scheduling Order (ECF No. 66) (setting May 24, 2023, as the deadline for amendment/joinder).   However, in their proposed second amended complaint, Mabee and Grace do not allege where Nordic Aquafarms' principal place of business is located and, therefore, they have failed to show that the joinder of Nordic Aquafarms would not destroy diversity jurisdiction (which is the only basis for jurisdiction in this case involving state law title claims).   *See* Proposed SAC ¶¶ 26-27; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen

1

of every State and foreign state by which it has been incorporated and *of the State or foreign state where it has its principal place of business* . . . ." (emphasis added)); *Builder's Resource, Inc. v. Coreslab Structures (Conn), Inc.*, 538 F. Supp. 2d 324, 327 (D. Mass. 2008) ("Although the First Circuit has not spoken directly to the issue, every circuit to have considered the question is in accord: a plaintiff must *specifically* plead both the state of incorporation and the principal place of business of every corporate party.  If it does not, the complaint is not sufficient to establish diversity." (footnote omitted)); *Cook v. Fishman*, No. 1:19-cv-00224-SWS-MLC, 2019 WL 13177901, at *2 (D.N.M. Dec. 19, 2019) ("[E]ven when a case began in federal court, a motion to amend the complaint to add a party that would destroy diversity jurisdiction should logically be denied."); 7 Mary Kay Kane, *Federal Practice and Procedure* § 1659, Westlaw (database updated Apr. 2023) ("A serious limitation on joinder of parties in the federal courts is the requirement of complete diversity, which is necessary when jurisdiction is based on diversity of citizenship.  Thus, if A, a citizen of State 1, is injured due to the negligence of B, a citizen of State 2, and C, a citizen of State 1, A either must bring the entire action in a state court, or proceed separately against B in a federal court and C in a state court.  Nor would supplemental jurisdiction be available to A in this case because the supplemental-jurisdiction statute explicitly states that it does not extend to diversity cases in which parties are joined under [Fed. R. Civ. P.] 20." (footnotes omitted)).

Accordingly, Mabee and Grace's motion is ***DENIED*** without prejudice to them seeking leave to file an amended complaint that remedies this issue.  I will note

2

that—although not definitive—Nordic Aquafarms' own website calls into question whether it is truly diverse from Mabee and Grace, who appear to be citizens of Maine[1]; indeed, Nordic Aquafarms' website states that its "US headquarters is located in Portland, Maine" and lists its address as follows:

Nordic Aquafarms, Inc.
511 Congress St. Suite 500
Portland, Maine 04101

About, *Nordic Aquafarms*, nafnewsdesk.com/about/ (last visited May 4, 2023).

***NOTICE***

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.***

Dated: May 5, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[1] Mabee and Grace's proposed second amended complaint does not allege that they are citizens of Maine only that they reside in Maine, *see* Proposed SAC ¶¶ 1-2, an omission that probably ought to be remedied in any future proposed amended complaint, *see, e.g.*, *Keene Lumber Co. v. Leventhal*, 165 F.2d 815, 818 n.1 (1st Cir. 1948) ("[I]t has been held that citizenship of an individual is defectively pleaded when the allegation is merely that he [or she] is a 'resident' of a certain state.").