UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JEFFREY R. MABEE et al.,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| v. | ) No. 1:19-cv-00432-JDL |
| | ) |
| **JANET ECKROTE et al.,** | ) |
| | ) |
| **Defendants** | ) |

**ORDER ON MOTION TO AMEND**

I denied the Plaintiffs' previous motion to amend their complaint because they sought to join a seemingly nondiverse party as a defendant; in doing so, I indicated my denial was without prejudice to the Plaintiffs filing another motion seeking leave to amend their complaint that remedied that issue. *See* ECF No. 72. The Plaintiffs abandoned their request to join the nondiverse party but filed a motion for reconsideration because I did not specifically address their other proposed amendments. *See* ECF No. 73. I denied the Plaintiffs' motion for reconsideration and indicated that I would not attempt to discern which parts of their previously-filed proposed complaint would remain operative after they abandoned their request to join the nondiverse party. *See* ECF No. 74. Nevertheless, I again indicated that the Plaintiffs were "free to file a revised motion for leave to amend that includes an updated proposed complaint for the Court's consideration." *Id*.

The Plaintiffs have now filed what they describe as a "REVISED MOTION FOR RECONSIDERATION AND AMENDED MOTION FOR LEAVE TO FILE A SECOND AMEDNED COMPLAINT." ECF No. 75. Although their motion complies

1

with my directive to include an updated proposed complaint, *see* ECF No. 75-1, I do not understand the Plaintiffs' dogged insistence on moving for reconsideration. Local Rule 7(f) requires that motions for reconsideration "demonstrate that the order was based on a manifest error of fact or law." The Plaintiffs do not attempt to demonstrate any manifest error of fact or law in my previous orders, and I repeatedly indicated that they were free to file a revised motion to amend. I will therefore simply treat the Plaintiffs' motion as a revised motion to amend their complaint.

In their revised motion to amend, the Plaintiffs seek to file a second amended complaint that joins the Friends of the Harriet L. Hartley Conservation Area as a plaintiff and updates their allegations based on information that they learned during discovery in related state court proceedings. *See* ECF Nos. 75, 75-1.

The Defendants oppose the Plaintiffs' motion and argue that they have not shown good cause for the amendments they seek to make. *See* ECF No. 78. But as I told the Defendants at a status conference last month and indicated in my order denying the Plaintiffs' previous motion to amend, *see* ECF No. 72, the good cause standard does not apply to the Plaintiffs' motion because they filed it before the deadline for amendment of pleadings and joinder of parties expired on May 24, 2023, *see* ECF Nos. 66, 75; *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-55 (1st Cir. 2004) (explaining that Fed. R. Civ. P. 15(a)'s leave freely given standard governs motions to amend filed before the deadline for amendment of pleadings and joinder of parties and that Fed. R. Civ. P. 16(b)'s more stringent good cause standard governs motions to amend filed after the deadline).

Given that leave to amend in these circumstances is to be freely given and the Defendants have failed to oppose the amendments under the correct standard despite multiple previous corrections, I will **GRANT** the Plaintiffs' motion to amend.[1] The Plaintiffs are **DIRECTED** to file their second amended complaint separately on the docket by June 16, 2023.

### NOTICE

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: June 14, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[1] To the extent the Defendants attempt to argue that joining the Friends of the Harriet L. Hartley Conservation Area would be futile because of standing issues, *see* ECF No. 78, that argument is waived for being woefully underdeveloped, *see United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (cleaned up)).